Rasool Sirraj Rashad Anderson, # 157597, ) C/A No. 9:09-1994-JFA-BM
)
)
Plaintiff, )
)
vs. ) **Report and Recommendation**
)
Greenville County Detention Center, )
)
)
Defendant. )

The plaintiff is a pre-trial detainee at the Greenville County Detention Center. Information on the Greenville County Detention Center public website (www.app.greenvillecounty.org) reveals that the plaintiff is being held on charges of possession of crack with intent to distribute, armed robbery, conspiracy, and failure to appear. The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of the plaintiff's contraction of a staph infection while at the Greenville County Detention Center. Part V of the complaint is left blank, except for the plaintiff's signature and date.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*,

1

404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, this § 1983 complaint is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). The only named Defendant, the Greenville County Detention Center, is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Greenville County Detention Center is not a "person" subject to suit under 42

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



2

U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

In any event, the plaintiff's allegations do not show deliberate indifference *with respect to the plaintiff's medical treatment*. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."). The plaintiff's allegations disclose that he was examined during a "Medical 360" and was, then, transferred to a different unit, where he stayed for three weeks: "She [the third nurse] immediately rehoused me to another dorm known as the staph dorm." *Cf. Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). Hence, even if Plaintiff had named a proper party Defendant, no deliberate indifference is shown in these allegations.[2]

Finally, as earlier stated, Part V (the relief portion) of the complaint is left blank, except for the plaintiff's signature and date. When a litigant has failed to ask for relief, a federal

---

[2]Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329-30 & n. 2 (S.D. Ga. 1994) (collecting cases).



3

district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions ...." *Humphreys v. Renner*, No. C 94-2071 MHP, 1996 WL 88804 (N.D. Cal., Feb. 26, 1996), *following FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Public Service Co. v. United States Environmental Protection Agency*, 225 F.3d 1144, 1148 n. 4 (10th Cir. 2000) (company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III). *Cf. Herb v. Pitcairn*, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion[.]");[3] and *Neitzke v. Williams*, 490 U.S. at 322-330 (*held*: although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint, petition, or pleading may be dismissed). *Cf. United States v. Burlington Northern Railroad Co.*, 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after

---

[3]Other portions of the decision in *Herb v. Pitcairn* have been superannuated by later case law. *See Michigan v. Long*, 463 U.S. 1032 (1983).



4

docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the Notice on the next page.

Bristow Marchant
United States Magistrate Judge

August 10, 2009

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

